## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

MURRAY RUBINSTEIN, JEFFREY F. ST. CLAIR, WILLIAM MCWADE, HARJOT DEV, and VIKAS SHAH, Individually and On Behalf of All Others Similarly Situated,

        Plaintiffs,

        v.

RICHARD GONZALEZ and ABBVIE INC.,

        Defendants.

Case No. 1:14-cv-09465

Hon. Robert M. Dow, Jr.
Magistrate Judge Young B. Kim

### DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Defendants AbbVie Inc. and Richard Gonzalez (collectively referred to as "Defendants") hereby move this Court to dismiss the Class Action Complaint for Violation of the Federal Securities Laws ("Complaint") in its entirety pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b), and 15 U.S.C. § 78u-5(b)(3)(A). In support of their motion, Defendants state as follows and submit the accompanying memorandum:

1. In 2014, AbbVie, a U.S.-based biopharmaceutical company, pursued an acquisition of Shire plc ("Shire"), a U.K.-based biopharmaceutical company. In public statements, AbbVie identified multiple reasons for wanting to purchase Shire, including: (a) acquiring Shire's leading products in new therapeutic areas for AbbVie, (b) expanding AbbVie's pipeline of new products in development and its R&D capabilities, (c) becoming a larger and more diversified company, (d) achieving a competitive tax structure and having enhanced access to AbbVie's global cash flows, and (e) boosting its earnings per share.

2.      AbbVie agreed with Shire on a price it was willing to pay that reflected all these anticipated benefits.  Then, months after AbbVie and Shire had agreed on the acquisition price, the U.S. Treasury announced broad changes to tax rules governing cross-border "inversion" transactions like this, significantly impairing AbbVie's ability to achieve a competitive tax structure and enhanced access to its global cash flows.  Eliminating these anticipated benefits meant that, while AbbVie still desired to acquire Shire for the other benefits it presented, the transaction could no longer be justified at the previously agreed-upon price.  Thus, AbbVie's board of directors determined that the acquisition on the agreed terms was no longer in AbbVie's best interest, and the deal was terminated.

3.      Plaintiffs, who purchased Shire securities, allege in their Complaint that AbbVie misrepresented its reasons for pursuing an acquisition of Shire.  Specifically, they claim that AbbVie disclosed multiple strategic and financial rationales, including expected tax benefits, but misrepresented that tax benefits were not "the primary rationale" for the transaction.  (Compl. ¶ 32)  Plaintiffs claim this artificially inflated the price of Shire's securities, and that when the transaction was terminated, the price of Shire's securities fell.  Plaintiffs assert claims against AbbVie and its CEO Richard Gonzalez under Sections 10(b) and 20(a) of the Securities Exchange Act.  But plaintiffs come nowhere close to stating claims for securities fraud.

4.      Plaintiffs fail to plead any misrepresentations of material fact by AbbVie. Plaintiffs say AbbVie "misrepresented" the importance of tax benefits when it stated that there were multiple reasons supporting an acquisition and that tax benefits were not "the primary rationale."  (Compl. ¶¶ 17–18)  But AbbVie never stated that tax benefits were unimportant to the transaction; to the contrary, AbbVie repeatedly disclosed tax benefits among the reasons for its interest in Shire.  And AbbVie's decision to terminate the transaction when those tax benefits

were stripped away is not evidence that tax benefits were the sole or primary reason for the deal in the first place. AbbVie had agreed to pay a price for Shire based on the entire package of anticipated benefits. Its termination of the deal because the loss of one material benefit made the agreed price no longer economically viable did not mean that benefit was "the primary rationale" or the "sole" reason for pursuing the transaction.

5. Plaintiffs fail to plead the required element of scienter. Specifically, plaintiffs do not allege the particularized facts required to raise a strong inference that AbbVie and Gonzalez knowingly or recklessly made any misrepresentations about the reasons for the transaction with intent to deceive purchasers of Shire securities. Nor do plaintiffs plead facts supporting a plausible inference that defendants had any motive to inflate the price of Shire securities.

6. Plaintiffs' conclusory allegation that the price of Shire securities was inflated as a result of alleged misrepresentations does not adequately plead the necessary element of loss causation. In the first place, it is not supported by the facts. Shire's stock price did not rise following publication of the statements plaintiffs claim to have been misleading. Nor is plaintiffs' pleading of loss causation sufficient under the law, as the Supreme Court has expressly held that a plaintiff does not satisfy its burden to plead loss causation simply by alleging it paid an inflated price for securities.

7. Plaintiffs' Section 20(a) claim against Gonzalez fails because they have not alleged a viable claim for primary liability against AbbVie under Section 10(b).

WHEREFORE, for each of the foregoing reasons and for the reasons stated in Defendants' supporting memorandum, Defendants respectfully request that the Court dismiss the Complaint against them, and each cause of action asserted within it and grant to Defendants any other relief that the Court deems just.

Dated: April 3, 2015                    Respectfully submitted,

/s/ Robert J. Kopecky

Robert J. Kopecky
Sallie G. Smylie, P.C.
Christa C. Cottrell
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, Illinois 60654
312-862-2000 Telephone
312-862-2200 Facsimile

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion has been served upon all parties through their counsel of record via the CM/ECF System.


Dated: April 3, 2015                                Respectfully submitted,


                                                    /s/ Robert J. Kopecky
                                                    _____

                                                    Robert J. Kopecky
                                                    Sallie G. Smylie
                                                    Christa C. Cottrell
                                                    Kirkland & Ellis LLP
                                                    300 North LaSalle Street
                                                    Chicago, Illinois 60654
                                                    312-862-2000 Telephone
                                                    312-862-2200 Facsimile

                                                    *Attorneys for Defendants*