IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MURRAY RUBINSTEIN, JEFFREY F. ST. CLAIR, WILLIAM MCWADE, HARJOT DEV, and VIKAS SHAH, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>RICHARD GONZALEZ and ABBVIE INC.,<br><br>Defendants. | Case No. 14-CV-09465<br><br>District Judge Hon. Robert M. Dow, Jr.<br>Magistrate Judge Hon. Young B. Kim |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

Defendants AbbVie Inc. and Richard Gonzalez hereby move this Court to dismiss Plaintiffs' Amended Class Action Complaint for Violation of the Federal Securities Laws ("Amended Complaint") pursuant to Federal Rules of Civil Procedure 12(b)(6) and 15 U.S.C. § 78u-5(b)(3)(A). In support of their motion, defendants submit the accompanying memorandum and state as follows:

1. On March 29, 2016, this Court granted defendants' Motion to Dismiss Plaintiffs' Complaint. Plaintiffs had alleged defendants made seven false or materially misleading statements that artificially inflated the price of Shire securities. The Court concluded that plaintiffs did not "allege[] facts that are 'sufficient to support a reasonable belief' that [six of the] statements [] were misleading." (Mem. Op. and Order at 14, Mar. 29, 2016, ECF No. 37-2) As to the seventh alleged misstatement, the Court concluded plaintiffs failed to allege with particularity facts giving rise to a strong inference of scienter. (*Id.* at 20)

2. On May 2, 2016, Plaintiffs filed their Amended Complaint. (ECF No. 38) In the Amended Complaint, plaintiffs now allege only three of the original seven statements were false

or misleading, but they offer the same basis for concluding these statements were false as they did in the original Complaint. In dismissing the original Complaint, the Court concluded that AbbVie's decision to terminate the merger does not demonstrate that Gonzalez's statement that tax was not the "primary rationale" was false. (ECF No. 37-2 at 16) Plaintiffs' allegations as to all three statements depend on this premise. Plaintiffs do not plead a new theory.

3. Plaintiffs still do not adequately plead the essential element of scienter as to any of the statements because their theory is implausible.

4. Plaintiffs' Section 20(a) claim against defendant Gonzalez fails again because it is derivative of the inadequate Section 10(b) claim.

5. For these reasons and those set forth more fully in the accompanying memorandum, the Court should dismiss the Amended Complaint. Because plaintiffs have failed a second time to plead claims, the dismissal should be with prejudice.

WHEREFORE, defendants request that the Court grant their Motion to Dismiss Plaintiffs' Amended Complaint.

Dated: June 16, 2016

Respectfully submitted,

/s/ Robert J. Kopecky

Robert J. Kopecky
Sallie G. Smylie, P.C.
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, Illinois 60654
312-862-2000 Telephone
312-862-2200 Facsimile

*Attorneys for Defendants*

2

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing motion has been served upon all parties through their counsel of record via the CM/ECF System.

Dated: June 16, 2016                                Respectfully submitted,

                                                         /s/ Robert J. Kopecky

                                                         Robert J. Kopecky
                                                         Sallie G. Smylie, P.C.
                                                         Kirkland & Ellis LLP
                                                         300 North LaSalle Street
                                                         Chicago, Illinois 60654
                                                         312-862-2000 Telephone
                                                         312-862-2200 Facsimile

                                                         *Attorneys for Defendants*