IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MURRAY RUBINSTEIN, JEFFREY F. ST. CLAIR, WILLIAM MCWADE, HARJOT DEV, and VIKAS SHAH, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>RICHARD GONZALEZ and ABBVIE INC.,<br><br>Defendants. | Case No. 14-CV-09465<br><br>District Judge Hon. Robert M. Dow, Jr.<br>Magistrate Judge Hon. Young B. Kim |

## PLAINTIFFS' REPLY TO DEFENDANTS' SUPPLEMENTAL BRIEFING

Defendants submitted an improper response to Plaintiffs' notice of supplemental authority.

First, Defendants' response should be stricken in its entirely because Defendants improperly included arguments in response to Plaintiffs' notice. *Holmes v. Razo*, No. 94 C 50405, 1995 WL 444407, at *13 (N.D. Ill. July 18, 1995) (striking defendants' submission because "[s]ubmission of supplemental authority when precedent has been set subsequent to final briefing but prior to disposition is a proper practice, but the filing of any argument or other material without leave of court is strongly discouraged.").

Second, Defendants' incorrectly state in their response that the allegations in the Elliott Action are based on "a different theory of falsity." That is not true. The Elliott Action is based on the exact same fraud as this action, the allegations in both actions are largely identical as to Defendants' misconduct, and the elements of the causes of actions pleaded are virtually identical. While the state court in the Elliott Action did not have to analyze the standards of the PSLRA (where a common law fraud was alleged and not a statutory federal securities fraud claim), the

1

pleading standards under the PSLRA are consistent with Illinois common law fraud. *See Connick v. Suzuki Motor Co.*, 174 Ill. 2d 482, 496-97 (1996) (holding that a complaint for common law fraud "must allege, with specificity and particularity, facts from which fraud is the necessary or probable inference."); 15 U.S.C. § 78u-4(b)(1) (To satisfy the PSLRA, the complaint must "specify each statement alleged to have been misleading, [and] the reason why the statement is misleading.").

Third, Defendants' factual assertions are also incorrect: the Amended Complaint alleges that even after the tax law changed, the Company stated it would continue with the merger. ¶¶59, 78, 95. The Elliott court's conclusion that "Defendants knew the likely impact of the regulatory changes when the proposed regulations were first announced," is equally applicable here. The Amended Complaint alleges that AbbVie withdrew from the Combination only after the tax benefit was eliminated – even though all other supposed "strategic benefits" of the Combination remained in place, and admitted that the Treasury's decision to end tax inversions had "destroyed the financial benefits" of the Combination. ¶9, 43, 67.

Dated: January 20, 2017                                  Respectfully submitted,

                                                        By: /s/ Jennifer Sarnelli
                                                              Jennifer Sarnelli

                                                        Mark C. Gardy
                                                        James S. Notis
                                                        Jennifer Sarnelli
                                                        Meagan Farmer
                                                        **GARDY & NOTIS, LLP**
                                                        Tower 56
                                                        126 East 56th Street, 8th Floor
                                                        New York, NY 10022
                                                        Tel: 212-905-0509
                                                        Fax: 212-905-0508

Theodore B. Bell
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC**
70 West Madison Street
Suite 1400
Chicago, IL 60602
Tel: 312-984-0000
Fax: 312-214-3110

Gregory M. Nespole
Benjamin Y. Kaufman
Mark Rifkin
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
270 Madison Avenue
New York, NY 10016
Tel: 212-545-4600
Fax: 212-545-4758

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on January 20, 2017, she caused the foregoing document to be filed with the clerk of the United States District Court for the Northern District of Illinois by using the CM/ECF system, which will send notification of such filing to all counsel of record.

          By: /s/ Jennifer Sarnelli
               Jennifer Sarnelli