**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MURRAY RUBINSTEIN, et al.,<br><br>      Plaintiffs,<br><br>   v.<br><br>RICHARD GONZALEZ and ABBVIE INC.,<br><br>      Defendants. | Case No. 14-cv-9465<br><br>Honorable Robert M. Dow, Jr. |

**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT**

Defendants AbbVie Inc. and Richard Gonzalez hereby answer Plaintiffs' amended complaint (Docket #38) as follows:

1. Defendants admit that Lead Plaintiffs purport to bring this suit on behalf of a similarly-situated class in connection with a statement made by AbbVie related to the Shire Combination. Defendants deny the remaining allegations in paragraph 1.

2. Defendants admit the allegations in the first and second sentences in paragraph 2. Defendants deny the allegations of the third and fourth sentences in paragraph 2.

3. Defendants deny the allegations in paragraph 3.

4. Defendants deny the allegations in paragraph 4.

5. Defendants deny the allegations in paragraph 5.

6. Defendants deny the allegations in paragraph 6.

7. Defendants deny the allegations in paragraph 7.

8. Defendants deny the allegations in the first sentence of paragraph 8. Defendants admit that an October 22, 2014 article in *Fortune* magazine used the phrase quoted in the second

sentence of paragraph 8.[1]  Defendants deny the remaining allegations in the second sentence of paragraph 8.

9. Defendants admit that the trading price of Shire American Depositary Shares closed at $244.57 on October 14, 2014 and traded at a low of $156.25 on October 15, 2014. Defendants deny the remaining allegations in paragraph 9.

10. Defendants admit that this Court has subject-matter jurisdiction and that venue is proper in this District.  Defendants admit that AbbVie's headquarters are located in this District, and that certain statements alleged in the complaint originated from this District.

11. Defendants deny the allegations in paragraph 11.

12. Defendants deny that Shire Securities traded at artificially inflated prices during the Class Period and that Lead Plaintiffs or any other purchasers of Shire Securities were damaged thereby, and Defendants lack information sufficient to admit or deny that Lead Plaintiffs purchased or otherwise acquired Shire Securities.

13. Defendants admit the allegations in paragraph 13, except that AbbVie became an independent public company on January 1, 2013.

14. Defendants admit the allegations in the first two sentences of paragraph 14, and admit that Gonzalez made statements regarding AbbVie's rationale for the combination. Defendants deny the remaining allegations in paragraph 14.

15. Defendants admit the allegations in paragraph 15 were true as of 2014, except to state that Shire American Depositary Shares are traded on the NASDAQ, not all Shire Securities.

---

[1] In many of the complaint's quotations from other sources, Plaintiffs added their own emphasis, in italics, bold, or underline (or often all of the foregoing).  For purposes of this answer, Defendants note that the emphasis is Plaintiffs', unless otherwise indicated.

16. Defendants lack information sufficient to admit or deny the allegations in paragraph 16.

17. Defendants admit that the *Financial Times* article cited in paragraph 17 states in part that there had "been 14 tax inversion deals so far this year," as of the article's publication on October 15, 2014, and otherwise lack information sufficient to admit or deny the allegations in paragraph 17.

18. Defendants lack information sufficient to either admit or deny the allegations in paragraph 18.

19. Defendants admit that legislation was proposed in May 2014 that, if enacted, generally may have, in part, imposed a two-year moratorium on certain inversion transactions and increased the threshold stock ownership change required for U.S. corporations to legally move offshore for tax purposes.

20. Defendants admit that paragraph 20 describes and quotes portions of the cited July 26, 2014 Associated Press article.

21. Defendants admit that paragraph 21 describes and quotes portions of the cited July 27, 2014 *Washington Post* editorial.

22. Defendants admit that paragraph 22 describes and quotes portions of the cited July 28, 2014 *New York Times* article.

23. Defendants admit that paragraph 23 describes and quotes portions of the cited July 29, 2014 *Huffington Post* blog.

24. Defendants deny the allegations in paragraph 24.

25. Defendants deny the allegations in paragraph 24.

26. Defendants lack information sufficient to admit or deny the allegations in the third sentence, and deny the remaining allegations in paragraph 26.

27. Defendants admit that AbbVie made the proposals listed in paragraph 27, but deny Plaintiffs' characterizations thereof.

28. Defendants admit that on June 20, 2014, AbbVie confirmed that it had made an indicative approach to Shire with a merger proposal. AbbVie disclosed that in accordance with Rule 2.6(a) of the City Code on Takeovers and Mergers, by July 18, 2014, AbbVie was required to either announce a firm intention to make an offer for Shire in accordance with Rule 2.8 of the Code or announce that it did not intend to make an offer.

29. Defendants admit the allegations in paragraph 29, except to deny that the press release attributed the rationale to the board.

30. Defendants deny the allegations in paragraph 30.

31. Defendants admit that Humira accounted for 63% of its total net sales in 2014, and admit that certain Humira patents were facing expiration. Defendants admit that Shire had a diversified product portfolio, reported substantial sales growth in the years prior to the transaction, reporting annual product sales of $4.757 billion in 2013, up from $2.17 billion in 2007, and was an attractive strategic partner for AbbVie. Defendants deny the remaining allegations in paragraph 31.

32. Defendants deny the allegations in paragraph 32.

33. Defendants admit the allegations in the first sentence of paragraph 33. Defendants deny the remaining allegations in paragraph 33.

34. Defendants admit the allegations in paragraph 34.

4

35. Defendants admit the allegations in the first sentence of paragraph 35 and admit that in the second and third sentences of paragraph 35, Plaintiffs paraphrase some of the terms from Section 7.2 of the Co-Operation Agreement. Defendants deny the remaining allegations in paragraph 35.

36. Defendants admit that paragraph 36 paraphrases some of the terms from Section 7.2 of the Co-Operation Agreement. Defendants deny the remaining allegations in paragraph 36.

37. Defendants admit that paragraph 37 paraphrases some of the terms from Section 10.3 of the Co-Operation Agreement. Defendants deny the remaining allegations in paragraph 37.

38. Defendants admit that AbbVie would be obligated to pay the Break Fee within 7 days of a Break Fee Payment Event.

39. Defendants admit that the Co-Operation Agreement did not contain a provision expressly allowing termination in the event of a tax law change. Defendants lack information sufficient to either admit or deny the existence of such provisions in "similar transactions."

40. Defendants admit that paragraph 40 quotes portions of the cited July 18, 2014 *New York Times* article.

41. Defendants deny the allegations in paragraph 41.

42. Defendants admit that paragraph 42 quotes portions of the July 18, 2014 AbbVie investor conference. Defendants deny, in light of the Court's March 10, 2017 Order (Docket #53), that July 21, 2014 is the first day of the Class Period and deny the remaining allegations in paragraph 42.

43. Defendants deny the allegations in paragraph 43.

44. Defendants admit that paragraph 44 quotes portions of the July 18, 2014 AbbVie investor conference and deny the remaining allegations in paragraph 44.

45. The allegations asserted in paragraph 45 relate solely to claims that have been dismissed by the Court's March 10, 2017 Order (Docket #53), and Defendants are therefore not required to answer those allegations.

46. Defendants admit that paragraph 46 quotes portions of the July 18, 2014 AbbVie investor conference, and deny the remaining allegations.

47. The allegations asserted in paragraph 47 relate solely to claims that have been dismissed by the Court's March 10, 2017 Order (Docket #53), and Defendants are therefore not required to answer those allegations.

48. The allegations asserted in paragraph 48 relate solely to claims that have been dismissed by the Court's March 10, 2017 Order (Docket #53), and Defendants are therefore not required to answer those allegations.

49. Defendants deny the allegations in paragraph 49.

50. Defendants admit that paragraph 50 quotes portions of the cited July 22, 2014 *Guardian* article and deny the remaining allegations of paragraph 50.

51. Defendants admit that AbbVie's board withdrew its previous recommendation to AbbVie stockholders in favor of the Combination and recommended stockholders vote against the Combination on October 15, 2014; AbbVie and Shire entered a Termination Agreement on October 20, 2014; and no AbbVie shareholder vote was held on the combination. Defendants also admit that AbbVie paid an approximately $1.635 billion break fee. Defendants deny the remaining allegations in paragraph 51.

52. Defendants admit on August 5, 2014, a Treasury Department representative announced in part that "Treasury is reviewing a broad range of authorities for possible administrative actions that could limit the ability of companies to engage in inversions, as well as approaches that could meaningfully reduce the tax benefits after inversions take place." Defendants deny the remaining allegations in paragraph 52.

53. Defendants admit the allegations in the first sentence of paragraph 53. Defendants deny the allegations in the second sentence of paragraph 53. Defendants admit that the third sentence and accompanying bullets of paragraph 53 quote portions of the benefits listed on pages 53-54 of the S-4.

54. The allegations asserted in paragraph 48 relate solely to claims that have been dismissed by the Court's March 10, 2017 Order (Docket #53), and Defendants are therefore not required to answer those allegations.

55. Defendants admit that paragraph 55 describes and quotes portions of the cited September 21, 2014 press conference.

56. Defendants admit that paragraph 56 describes and quotes portions of the cited U.S. Treasury Department notice and associated fact sheet issued on September 22, 2014.

57. Defendants admit that on September 23, 2014, Shire's ADSs traded as low as $247.98 on the NASDAQ Exchange, and deny the remaining allegations in paragraph 57.

58. Defendants admit that paragraph 58 quotes portions of the cited September 23, 2014 *Wall Street Journal* article and deny the remaining allegations in paragraph 58.

59. Defendants admit that paragraph 59 accurately quotes the cited September 29, 2014 statement. Defendants deny the remaining allegations in paragraph 59.

60. Defendants deny the allegations in paragraph 60.

61. Defendants admit that on September 29, 2014, Shire's ADSs traded as high as $263.24 on the NASDAQ Exchange, and deny the remaining allegations in paragraph 61.

62. Defendants admit that paragraph 62 quotes portions of the cited October 15, 2014 press release, and deny the remaining allegations in paragraph 62.

63. Defendants admit the trading price of Shire ADSs closed at $244.57 on October 14, 2014, and closed at $170.49 per share on October 15, 2015, and deny the remaining allegations in paragraph 63.

64. Defendants admit that AbbVie announced on October 15, 2014 that its board had withdrawn its recommendation that stockholders vote in favor of the combination, and deny the remaining allegations in paragraph 64.

65. Defendants admit that paragraph 65 quotes portions of the cited October 15, 2014 press release.

66. Defendants deny the allegations in paragraph 66.

67. Defendants admit that on October 20, 2014, AbbVie announced that Shire and AbbVie agreed to terminate the Combination, and that AbbVie would be required to pay Shire the approximately $1.635 billion break fee. Defendants admit that paragraph 67 quotes portions of the cited October 20, 2014 press release. Defendants deny the remaining allegations in paragraph 67.

68. Defendants admit that in light of the Termination Agreement, a stockholder meeting to consider the combination was not held and AbbVie paid Shire the break fee of approximately $1.635 billion. Defendants also admit that, if the break fee had not been triggered and AbbVie stockholders had voted against the combination, AbbVie would have owed Shire a payment of no less than $500 million, but no more than 1% of the indicative value of the cash

and stock to be delivered to Shire shareholders. Defendants deny the remaining allegations in paragraph 68.

69. Defendants admit paragraph 69 quotes portions of the cited October 20, 2014 Shire press release.

70. Defendants deny the allegations in paragraph 70.

71. Defendants admit that paragraph 71 quotes portions of the October 22, 2014 *Fortune* article. Defendants deny the remaining allegations in paragraph 71.

72. Defendants admit that the October 15, 2015 *Bloomberg* article states, in part, "AbbVie's move caught investors off guard after the drug company had said the deal was driven mostly by strategic, not tax, reasons. AbbVie said it reconsidered the transaction after the Treasury announced rule changes designed to limit moves overseas by American companies" and admit the third paragraph in the block quote in paragraph 72 quotes portions of the cited October 15, 2015 *Bloomberg* article. Defendants deny the remaining allegations in paragraph 72.

73. Defendants admit that paragraph 73 quotes portions of the cited October 16, 2014 *Chicago Tribune* article, and deny the remaining allegations in paragraph 73.

74. Defendants admit that paragraph 74 quotes portions of the cited October 27, 2014 *New York Post* article, and otherwise deny the characterizations in paragraph 74.

75. Defendants deny the allegations in paragraph 75.

76. Defendants deny the allegations in paragraph 76.

77. The allegations asserted in paragraph 77 relate solely to theories that have been dismissed by the Court's March 10, 2017 Order (Docket #53), and Defendants are therefore not required to answer those allegations.

78. The allegations asserted in paragraph 78 relate solely to theories that have been dismissed by the Court's March 10, 2017 Order (Docket #53), and Defendants are therefore not required to answer those allegations.

79. Defendants admit that an October 27, 2014 *New York Post* article reported, in part, that Glenn Tilton said, around the time of the September 29, 2014 letter to Shire employees, AbbVie had integration teams working at Shire and it was important to "calm Shire employee unrest." Defendants deny the remaining allegations in paragraph 79.

80. Defendants deny the allegations in paragraph 80, except to admit that Shire American Depositary Shares traded on the NASDAQ during the Class Period.

81. Defendants deny the allegations in paragraph 81.

82. Defendants deny the allegations in paragraph 82.

83. The allegations asserted in paragraph 83 relate solely to claims that have been dismissed by the Court's March 10, 2017 Order (Docket #53), and Defendants are therefore not required to answer those allegations.

84. Defendants admit that on September 26, 2014, Shire's ADSs traded at a price as high as $264.98 and on October 15, 2014, Shire's ADSs traded at a price as low as $156.25 on the NASDAQ Exchange. Defendants deny the remaining allegations in paragraph 84.

85. Defendants deny the allegations in paragraph 85.

86. Defendants deny the allegations in paragraph 86.

87. Defendants deny that this case should proceed as a class action.

88. Defendants lack information sufficient to admit or deny the third sentence of paragraph 88. Defendants deny the remaining allegations in paragraph 88.

89. Defendants deny the allegations in paragraph 89.

90. Defendants deny the allegations in paragraph 90.

91. Defendants lack information sufficient to admit or deny the allegations in paragraph 91.

92. Defendants deny the allegations in paragraph 92.

93. Defendants repeat their responses to the allegations in the preceding paragraphs as if fully set forth herein.

94. Defendants admit that Plaintiffs purport to assert this Count under Section 10(b) of the Exchange Act and Rule 10b-5 against Defendants.

95. The allegations asserted in parts (a) and (b) of paragraph 95 relate solely to claims that have been dismissed by the Court's March 10, 2017 Order (Docket #53), and Defendants are therefore not required to answer those allegations. Defendants deny the remaining allegations of paragraph 95.

96. Defendants deny the allegations in paragraph 96.

97. Defendants deny the allegations in paragraph 97.

98. Defendants repeat their responses to the allegations in the preceding paragraphs as if fully set forth herein.

99. Defendants admit that Plaintiffs purport to assert this Count under Section 20(a) of the Exchange Act against Richard Gonzalez.

100. Defendants admit that Gonzalez holds leadership positions at AbbVie, and deny the remaining allegations in paragraph 100.

101. Defendants admit that Gonzalez had some authority over AbbVie's SEC filings and press releases, and that Gonzalez was aware of AbbVie's reasons for the combination. Defendants deny the remaining allegations of paragraph 101.


102. Defendants deny the allegations in paragraph 102.

103. Defendants deny the allegations in paragraph 103.

WHEREFORE, Defendants deny that Plaintiffs are entitled to the relief they have requested, or that they are entitled to any relief at all. Defendants also deny all allegations not expressly admitted above to which a response is required.

## Affirmative Defenses[2]

Without undertaking any burden of proof not otherwise assigned to them by law, Defendants assert the following separate and affirmative defenses:

### First Affirmative Defense

1. Any facts alleged by Plaintiffs to have been concealed or misrepresented were publicly known and were incorporated into the trading price of Shire's securities at all relevant times during the putative Class Period. AbbVie's public statements during the Class Period establish that Defendants repeatedly disclosed that tax benefits were one factor among a number of factors supporting the strategic rationale for the Shire Combination.

### Second Affirmative Defense

2. Gonzalez cannot be liable as a controlling person because he acted in good faith. *See* 15 U.S.C. § 78t(a).

---

[2] Defendants reserve the right to rely on other defenses if and when these defenses become known during the course of the litigation. Consequently, Defendants reserve the right to amend their answer and to assert any additional defenses, cross-claims, counterclaims, and third-party claims that become known or available.

### Third Affirmative Defense

3. Any recovery for damages allegedly incurred by Plaintiffs or members of the putative class are limited by the Private Securities Litigation Reform Act of 1995. *See* 15 U.S.C. § 78u-4(e).

### Fourth Affirmative Defense

4. Defendants' forward-looking statements are protected by the safe-harbor provisions of the Private Securities Litigation Reform Act of 1995. *See* 15 U.S.C. § 78u-5(i)(1).

### Fifth Affirmative Defense

5. Plaintiffs' claims are barred in whole or in part because Plaintiffs failed to make reasonable efforts to mitigate their alleged damages.

### Sixth Affirmative Defense

6. Any recovery for damages allegedly incurred by Plaintiffs or members of the putative class is subject to offset in the amount of any value gained through the investment, including, among other things, tax benefits actually received by Plaintiffs through their investments.

Dated: March 24, 2017               Respectfully submitted,

                                    */s/ Joshua Z. Rabinovitz*
                                    Robert J. Kopecky
                                    Joshua Z. Rabinovitz
                                    Devon M. Largio
                                    KIRKLAND & ELLIS LLP
                                    300 North LaSalle
                                    Chicago, IL 60654
                                    (312) 862-2000

                                    *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I, Joshua Z. Rabinovitz , an attorney, certify that on this date, March 24, 2017, a true and correct copy of the foregoing document was served by filing through the Court's ECF system on all counsel of record.

                                                   */s/ Joshua Z. Rabinovitz*
                                                   Joshua Z. Rabinovitz