## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

MURRAY RUBINSTEIN, JEFFREY F. ST.     )       Case No. 14-cv-9465
CLAIR, WILLIAM MCWADE, HARJOT     )
DEV and VIKAS SHAH, individually and on     )       Judge Robert M. Dow, Jr.
behalf of all others similarly situated,     )       Magistrate Judge Young B. Kim
    )
       Plaintiffs,     )
    )
   v.     )
    )
RICHARD GONZALEZ and ABBVIE INC.,     )
    )
       Defendants.     )

### [AGREED] CONFIDENTIALITY AND RULE 502(d) ORDER[1]

The parties to this Agreed Confidentiality and Rule 502(d) Order have agreed to the

terms of this Order; accordingly, it is ORDERED:

1.       Scope.  All materials produced or adduced in the course of discovery, including

initial disclosures, responses to discovery requests, deposition testimony and exhibits, and

information derived directly therefrom, shall be subject to this Order concerning Discovery

Material as defined below.  This Order is subject to the Local Rules of this District and the

Federal Rules of Civil Procedure on matters of procedure and the calculation of time periods.

2.       Discovery Material.  As used in this Order, "Discovery Material" means

"Confidential" information or "Highly Confidential" information, as defined below.

(a)       Definition of "Confidential."  For purposes of this Order, any party or

non-party producing Discovery Material (the "Producing Party") may designate any materials it

produced in this case as "Confidential" if it has a good faith belief that the material falls within

---

[1]    The parties separately submitted a redline version comparing this [Agreed] Confidentiality
and Rule 502(d) Order to the Court's model Confidentiality Order (Form LR 26.2).

one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a party to the case.  Information or documents that are available to the public may not be designated as Confidential Information.

(b)     Definition of "Highly Confidential."  For purposes of this Order, the Producing Party may designate any materials it produced in this case as "Highly Confidential" if it has a good faith belief that the material contains commercially or competitively sensitive information that is likely to cause injury if disclosed other than as permitted by this Order. Information or documents that are available to the public may not be designated as Highly Confidential Information.

3.     Designation.

(a)     A party may designate a document as Discovery Material for protection under this Order by placing or affixing the words "Confidential" or "Highly Confidential," as appropriate, on each page containing such Confidential or Highly Confidential information, in a manner that will not interfere with the legibility of the document.  As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Discovery Material.  The markings described above shall be applied prior to or at the time the documents are produced or disclosed.  Applying the markings described above to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.  Any copies that are made of any documents

2

marked as described above shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Discovery Material are not required to be marked.

        (b)     The designation of Discovery Material as Confidential is a certification by an attorney or a party appearing pro se that the Discovery Material contains Confidential information as defined in this Order, and the designation of Discovery Material as Highly Confidential is a certification by an attorney or a party appearing pro se that the Discovery Material contains Highly Confidential information as defined in this Order.[2]

    4.     Depositions.  Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Highly Confidential until the fourteenth day after the transcript is delivered to any party or the witness, but in no event later than 60 days after the testimony was given.  Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential or Highly Confidential, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order.  The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential or Highly Confidential, unless otherwise ordered by the Court.

---

[2]    An attorney who reviews the documents and designates them as Confidential or Highly Confidential must be admitted to the Bar of at least one state but need not be admitted to practice in the Northern District of Illinois unless the lawyer is appearing generally in the case on behalf of a party.  By designating documents confidential pursuant to this Order, counsel submits to the jurisdiction and sanctions of this Court on the subject matter of the designation.

5.      Protection of Confidential Information and Highly Confidential Information.

(a)      General Protections.   Discovery Material designated as Confidential or Highly Confidential shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof.

(b)      Disclosure of Discovery Material designated as Confidential.  The parties and counsel for the parties shall not disclose or permit the disclosure of any Discovery Material designated as Confidential to any third person or entity except as set forth in subparagraphs (1)–(9).  Subject to these requirements, the following categories of persons may be allowed to review Discovery Material designated as Confidential:

(1)      Counsel.  Counsel to the parties who have entered appearances in the case or who is an employee of the parties, as well as their partners and associates, paralegals, staff, and other regular or temporary employees and service vendors of such counsel (including contract attorneys, outside copying and litigation support services) providing services in conjunction with this case;

(2)      Parties.  Individual parties and employees and directors of a party but only to the extent counsel determines in good faith that such person's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(3)      The Court and its personnel;

(4)      Court Reporters and Recorders.  Court reporters and recorders engaged for depositions;

(5)     Mediator.  Any mediator and his or her employees;

(6)     Consultants and Experts.  Any consulting or testifying expert retained by a party in connection with this case, along with his or her staff, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(7)     Witnesses at depositions.  During or in preparation for their depositions, witnesses in this action to whom disclosure is reasonably necessary and their counsel.  Witnesses shall not retain a copy of documents containing Discovery Material designated as Confidential, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts.

(8)     Author or Recipient.  Persons who authored or received the Discovery Material designated as Confidential information (not including a person who received the information in the course of litigation), and, in the case of any minutes or notes of meetings or presentations made at meetings, and attendee of the meeting;

(9)     Other.  Any other person only upon order of the Court or upon written agreement of the Producing Party or its counsel.

(c)     Disclosure of Discovery Material designated as Highly Confidential.  The parties and counsel for the parties shall not disclose or permit the disclosure of any Discovery Material designated as Highly Confidential to any third person or entity except as set forth in

subparagraphs (1)–(9). Subject to these requirements, the following categories of persons may be allowed to review Discovery Material designated as Highly Confidential:

(1)     Counsel. Counsel to the parties who have entered appearances in the case or who is an employee of the parties, as well as their partners and associates, paralegals, staff, and other regular or temporary employees and service vendors of such counsel (including contract attorneys, outside copying and litigation support services) providing services in conjunction with this case;

(2)     The Producing Party. The Producing Party and employees and directors of the Producing Party but only to the extent counsel determines in good faith that such person's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed, and only as to Discovery Material designated as Highly Confidential by such Producing Party;

(3)     The Court and its personnel;

(4)     Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

(5)     Mediator. Any mediator and his or her employees;

(6)     Consultants and Experts. Any consulting or testifying expert retained by a party in connection with this case, along with his or her staff, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(7)     Witnesses at depositions.  During or in preparation for their depositions, witnesses in this action to whom disclosure is reasonably necessary and their counsel, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound. Witnesses shall not retain a copy of documents containing Discovery Material designated as Highly Confidential, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts.

(8)     Author or Recipient.  Persons who authored the "Confidential" information or who received it in the ordinary course of business or otherwise, and, in the case of any minutes or notes of meetings or presentations made at meetings, and attendee of the meeting;

(9)     Other.  Any other person only upon order of the Court or upon written agreement of the Producing Party or its counsel.

(d)     Control of Documents.  Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Discovery Material.  Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

6.     Inadvertent Failure to Designate.  An inadvertent failure to designate Discovery Material does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony.  If a

party designates a document as Confidential or Highly Confidential after it was initially produced by that party, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated as Confidential or Highly Confidential, even where the failure to so designate was inadvertent and where the material is subsequently designated as Confidential or Highly Confidential.

7. Inadvertent Disclosure and Rule 502(d) Order. The production of privileged or work-product protect documents, electronically stored information ("ESI"), or any other information, whether inadvertent or otherwise, is not a waiver of any privilege or protection from discovery in this proceeding or in any other proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

(a) If the receiving party does not intend to challenge the designation of the document(s) as privileged material, the receiving party shall: (i) take reasonable steps to retrieve the privileged material if it disclosed or disseminated such information before being notified; and (ii) promptly return or certify destruction of the privileged material, including all copies. For purposes of this provision, return or certification of destruction of the material shall be considered prompt if it occurs within seven (7) days of notification.

(b) If the receiving party intends to challenge the designation of the document(s) as privileged material, it shall promptly sequester all copies of the document(s), pending Court resolution of the challenge. Following notice by the producing party, the receiving party: (i) must not use or disclose the privileged material until the claim is resolved; and (ii) must take reasonable steps to retrieve the privileged material if the party disclosed it

before being notified. If the receiving party intends to challenge the designation of the document(s), it shall move the Court for relief within ten (10) business days following notification by the producing party.

(c) Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or any other information (including metadata) for relevance, responsiveness, or segregation of privileged or protected information before production.

8. Filing of Discovery Material. This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file Discovery Material in connection with a motion, brief or other submission to the Court must comply with LR 26.2.

9. No Greater Protection of Specific Documents. Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

10. Challenges by a Party to Designation as Confidential or Highly Confidential. The designation of any material or document as Confidential or Highly Confidential is subject to challenge by any party. The following procedure shall apply to any such challenge:

(a) Meet and Confer. A party challenging the designation of Discovery Material must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in

designation is offered, to explain the basis for the designation.  The designating party must respond to the challenge within five (5) business days.

(b)     Judicial Intervention.  A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure.  The burden of persuasion in any such challenge proceeding shall be on the designating party.  Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential or Highly Confidential under the terms of this Order.

11.     Action by the Court.  Applications to the Court for an order relating to materials or documents designated Discovery Material shall be by motion.  Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

12.     Use of Discovery Material at Trial.  Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing.  A party that intends to present or that anticipates that another party may present Discovery Material at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing such Discovery Material.  The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

13.     Parties' Own Use.  This Order has no effect upon, and shall not apply to, the parties' use of their own documents for any purpose.  Nothing herein shall impose any restrictions on the use or disclosure by a party of documents, materials or information designated

as designated as Confidential or Highly Confidential that has been generated or obtained lawfully by that party independently of this litigation.

14.     Discovery Material Subpoenaed or Ordered Produced in Other Litigation.

(a)     If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential or Highly Confidential, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

(b)     The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.  In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c)     The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Discovery Material in the court from which the subpoena or order issued.  The designating party shall bear the burden and the expense of seeking protection in that court of its Discovery Material, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.  The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control of Discovery Material by the other party to this case.

15.     Challenges by Members of the Public to Sealing Orders.  A party or interested member of the public has a right to challenge the sealing of particular documents that have been

11

filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

16.    Obligations on Conclusion of Litigation.

(a)    Order Continues in Force.  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b)    Obligations at Conclusion of Litigation.  Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Discovery Material under this Order, including copies as defined in ¶ 3(a), shall be returned to the Producing Party or destroyed by the receiving party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; or (2) as to documents bearing the notations, summations, or other mental impressions of the receiving party; and provided that (3) the receiving party shall not be required to locate, isolate and return or destroy e-mails (including attachments to e-mails) that may include Discovery Material, or Discovery Material contained in deposition transcripts or drafts or final expert reports..  A party that elects to destroy documents must certify to the producing party that it has done so.

(c)    Retention of Work Product and One Set of Filed Documents. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Discovery Material so long as that work product does not duplicate verbatim substantial portions of Discovery Material, and (2) one complete set of all documents filed with the Court including those filed under seal.  Any retained Discovery Material shall continue to be protected under this Order.  An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Discovery Material disclosed by another party.

12

(d)     Deletion of Documents Filed under Seal from Electronic Case Filing (ECF) System.  Filings under seal shall be deleted from the ECF system only upon order of the Court.

17.     Order Subject to Modification.  This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

18.     No Prior Judicial Determination.  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Discovery Material by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

19.     Persons Bound.  This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

So Ordered.

Dated: 7/19/17

_____
U.S.  District Judge

**ATTACHMENT A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| MURRAY RUBINSTEIN, JEFFREY F. ST. CLAIR, WILLIAM MCWADE, HARJOT DEV and VIKAS SHAH, individually and on behalf of all others similarly situated, | ) ) ) ) | Case No.  14-cv-9465 |
| | ) | Judge Robert M.  Dow, Jr. |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| RICHARD GONZALEZ and ABBVIE INC., | ) ) | |
| Defendants. | ) | |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Confidentiality and Rule

502(d) Order dated _____, 2017 in the above-captioned action and attached hereto,

understands the terms thereof, and agrees to be bound by its terms.  The undersigned submits to

the jurisdiction of the United States District Court for the Northern District of Illinois in matters

relating to the Confidentiality and Rule 502(d) Order and understands that the terms of the

Confidentiality and Rule 502(d) Order obligate him/her to use materials designated as

Confidential or Highly Confidential in accordance with the Order solely for the purposes of the

above-captioned action, and not to disclose any such materials to any other person, firm or

concern.

The undersigned acknowledges that violation of the Confidentiality and Rule 502(d) Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____     _____
                                              Signature

2