**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MURRAY RUBINSTEIN, JEFFREY F. ST. CLAIR, WILLIAM MCWADE, HARJOT DEV, and VIKAS SHAH, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> RICHARD GONZALEZ and ABBVIE INC., <br><br> Defendants. | Case No. 1:14-cv-09465 <br><br> Honorable Robert M. Dow, Jr. |
| ELLIOTT ASSOCIATES, L.P., ELLIOTT INTERNATIONAL, L.P. THE LIVERPOOL PARTNERSHIP, TYRUS CAPITAL EVENT MASTER FUND LIMITED, AND TYRUS CAPITAL OPPORTUNITIES MASTER FUND LIMITED, <br><br> Plaintiffs, <br><br> v. <br><br> ABBVIE INC., <br><br> Defendant. | Case No. 1:17-cv-03494 <br><br> Honorable Robert M. Dow, Jr. |
| ODS CAPITAL LLC, <br><br> Plaintiffs, <br><br> v. <br><br> ABBVIE INC., <br><br> Defendant. | Case No. 1:17-cv-05909 <br><br> Judge Honorable Manish S. Shah |

**UNOPPOSED MOTION TO REASSIGN RELATED CASE**

Pursuant to Local Rule 40.4 of the U.S. District Court for the Northern District of Illinois, Defendant AbbVie Inc. moves unopposed to reassign *ODS Capital LLC v. AbbVie Inc.*, Case No. 1:17-cv-05909, assigned to the Honorable Judge Manish Shah, to the calendar of the Honorable Robert M. Dow, Jr. because it is related to the earlier-numbered above-captioned actions, *Rubinstein, et al. v. Gonzalez, et al.*, Case No. 1:14-cv-09465, and *Elliott Associates et al. v. AbbVie Inc.*, Case No. 1:17-cv-03495, currently pending before Judge Dow. In support of this motion, AbbVie states as follows:

## BACKGROUND

1. In 2014, AbbVie, a U.S.-based biopharmaceutical company, pursued an acquisition of Shire plc, a biopharmaceutical company incorporated in the bailiwick of Jersey. On July 18, 2014, AbbVie and Shire announced an agreement under which AbbVie and Shire were to combine and form a new AbbVie-Shire entity incorporated in Jersey. Months later, on September 22, 2014, the U.S. Treasury issued a notice that announced broad changes to tax rules governing cross-border "inversion" transactions like the proposed AbbVie-Shire transaction. In light of the Treasury notice, AbbVie's board of directors determined that the acquisition on the agreed terms was no longer in AbbVie's best interest, and AbbVie and Shire agreed to terminate the transaction on October 20, 2014.

2. On November 25, 2014, Plaintiffs Murray Rubinstein, Jeffrey F. St. Clair, William McWade, Harjot Dev and Vikas Shah filed a federal securities class action against AbbVie and its CEO Richard Gonzalez on behalf of all persons who purchased or otherwise acquired Shire securities between June 20, 2014 and October 14, 2014. The suit asserted causes of action for violations of Sections 10(b) and 20(a) of the Securities Exchange Act and of Rule 10b-5 promulgated thereunder, based on AbbVie's purported dissemination of false or

misleading statements and/or omissions related to the Shire acquisition. (ECF No. 1, 1:14-cv-09465.) The case was assigned to Judge Dow.

3. After the Original Complaint was dismissed, the *Rubinstein* plaintiffs filed an Amended Complaint on May 2, 2016. (ECF No. 38, 1:14-cv-09465.) The *Rubinstein* plaintiffs alleged that several of AbbVie's or Gonzalez's statements relating to the Shire transaction were materially misleading. (*Id.* at 31-34.) The crux of the *Rubinstein* plaintiffs' allegations was that the tax inversion benefits were the "sole" or "primary" rationale behind the transaction, but that AbbVie nonetheless misleadingly downplayed those benefits "in light of the negative stigma of these inversions and dupe[d] investors into believing this transaction made strategic sense with or without the tax inversion benefits when subsequent events proved that the Combination would not proceed absent the tax benefits." (*Id.* at 3.) On March 10, 2016, the Amended Complaint in the *Rubinstein* litigation was dismissed except "to the extent that [plaintiffs' claims are] based on statements made in Gonzales' September 29, 2014 letter to Shire employees." (Mem. Op. and Order at 22, ECF No. 53, 1:14-cv-09465.) The *Rubinstein* plaintiffs seek damages for injury allegedly suffered when Shire securities fell in price following AbbVie's announcement of its decision to terminate the Shire merger.

4. On June 24, 2016, a subset of Shire purchasers, plaintiffs Elliott Associates, L.P., Elliott International, L.P., The Liverpool Partnership, Tyrus Capital Event Master Fund Limited, and Tyrus Capital Opportunities Master Fund Limited—all hedge funds alleging they were "induced by AbbVie's fraud to acquire interests in Shire shares"—filed suit in Illinois state court against AbbVie in connection with the same Shire transaction events, and asserting the same fundamental bases of liability and damages. Like the plaintiffs in *Rubinstein*, the *Elliott* plaintiffs allege that statements made by AbbVie officers and directors from June 2014 through the

termination of the transaction (specifically including the September 29, 2014 statement by AbbVie's CEO to Shire employees) were fraudulent or misleading because they downplayed the importance of tax inversion benefits to the proposed transaction. Also like the *Rubinstein* plaintiffs, the *Elliott* plaintiffs seek damages for injury allegedly suffered when Shire securities fell in value after AbbVie announced its decision not to complete the Shire merger. AbbVie Inc. removed this case to the Northern District of Illinois on May 9, 2017. (ECF No. 1, 1:17-cv-03494.) Plaintiffs filed a motion to remand, which currently is pending.

5. On June 22, 2017, AbbVie Inc. moved to reassign the *Elliott* matter pending before Judge John Z. Lee to the calendar of Judge Robert M. Dow. Judge Dow granted AbbVie's Motion to Reassign on July 26, 2017. (ECF No. 82, 1:14-cv-09465.)

6. On July 17, 2017, Plaintiff ODS Capital LLC served AbbVie with a copy of a Complaint filed in the Circuit Court of Cook County. AbbVie removed the *ODS* matter to the Northern District of Illinois on August 14, 2017. (ECF No. 1, 1:17-cv-05909.) The matter has been assigned to the calendar of the Honorable Judge Shah. In accordance with Local Rule 40.4(c), a copy of that Complaint is attached as **Exhibit 1**.

## ARGUMENT

7. Reassignment of a civil case is appropriate under Local Rule 40.4 if the case is found to be "related" to an earlier-filed case, and it satisfies the conditions for reassignment set forth in Rule 40.4(b).

8. Under Local Rule 40.4(a), two cases are "related" if at least one of the following conditions is met:

    (1)    the cases involve the same property;

    (2)    the cases involve some of the same issues of fact or law;

    (3)    the cases grow out of the same transaction or occurrence; or

      (4)    in class action suits, one or more of the classes involved in the cases is or are the same.

The considerations of Rule 40.4(a) are disjunctive, meaning that only one of the four need be present. *See id.* Thus, "[t]wo cases need not be absolutely identical to be suitable for reassignment under Rule 40.4." *BP Corp. N. Am. Inc. v. N. Trust Invs., N.A.*, No. 08-cv-6029, 2009 WL 1684531, at *2 (N.D. Ill. June 15, 2009) (quoting *Glob. Patent Holdings, LLC v. Green Bay Packers, Inc.*, No. 00 C 4623, 2008 WL 1848142, at *3 (N.D. Ill. Apr. 23, 2008)).

      9.    Just as *Elliott* is related to *Rubinstein*, there is no doubt that *ODS* is similarly related under Local Rule 40.4(a). The *ODS* complaint is a copycat that merely parrots, in many cases verbatim, the allegations of the *Elliott* complaint.

      10.    Both *ODS* and *Elliott* are brought by self-described "merger arbitrage" hedge funds against AbbVie Inc.; both assert the same causes of action based on the same allegedly misleading statements made to the public; and both seek the same type of damages under the same theory of injury. There can be no question that the cases "grow out of the same transaction or occurrence" and "involve some of the same issues of fact or law" pursuant to Local Rule 40.4(a)(2) and 40.4(a)(3). In fact, the two cases involve the exact same issues of law and nearly identical issues of fact. Where, as here, two cases pose "very similar questions of fact and nearly identical questions of law," a finding of relatedness is appropriate. *E.g.*, *River Vill. W. LLC v. Peoples Gas Light & Coke Co.*, No. 05 C 2103, 2007 WL 541948, at *1 (N.D. Ill. Feb. 14, 2007).

      11.    Local Rule 40.4(b) further provides that, if two civil cases are related, the later-filed case may be reassigned to the calendar of the judge assigned to the earlier-filed case if all of the following conditions are met:

      (1)    both cases are pending in this Court;

    (2)    the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort;

    (3)    the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and

    (4)    the cases are susceptible of disposition in a single proceeding.

Here, all four of these criteria for reassignment are met.

12. ***First***, both *ODS* and *Elliott* are pending in the Eastern Division of the Northern District of Illinois.

13. ***Second***, the handling of both cases by this Court would undeniably preserve judicial resources. To begin, "because of the overlap in issues, the handling of both cases by one judge is likely to result in a substantial savings of time and effort." *Popovich v. McDonald's Corp.*, 189 F. Supp. 2d 772, 778 (N.D. Ill. 2002). Both *ODS* and *Elliott* were removed based on the same federal questions. Resolving jurisdictional issues in a single proceeding would undoubtedly conserve judicial resources. Moreover, with respect to discovery, "judicial resources can be conserved if similar discovery issues arise in the two cases." *BP Corp.*, 2009 WL 1684531, at *3. The plaintiff in *ODS* and the plaintiffs in *Elliott* will no doubt seek discovery from the same individuals at AbbVie, for the same time period, on the same or similar topics.

14. ***Third***, neither case has progressed to the point that reassignment to this Court's calendar would cause substantial delay. No discovery has been exchanged in *ODS* and only written discovery has been exchanged in *Elliott*. *E.g.*, *Freeman v. Bogusiewiz*, No. 03 C 2908, 2004 WL 1879045, at *2 (N.D. Ill. Aug. 11, 2004) (reassignment granted where "both actions are in the early stages of proceedings"); *River Vill. W.*, 2007 WL 541948, at *2 (reassignment proper where "cases are in the earliest possible stages of discovery, so there will be no delay to

any of the cases"). To promote judicial economy, discovery-related matters could be coordinated—for example, negotiation of an ESI protocol, protective order, and agreed-upon custodians and search terms.

15. **Fourth**, the two cases are susceptible of disposition in a single proceeding. The claims involve the same underlying transaction and assert the same type of harm based on the same statements made. *See Teacher's Ret. Sys. of La. v. Black*, No. 04 C 834, 2004 WL 1244236, at *2 (N.D. Ill. June 3, 2004) ("As these three cases are all securities class actions that originate from the same core of facts, it is clear that they are susceptible of disposition in a single proceeding."); *Glob. Patent Holdings*, 2008 WL 1848142, at *4 (Rule 40.4(b) satisfied where "both actions involve *prima facie* fundamentally similar claims and defenses that will likely be amenable to dispositive treatment in unified proceedings, whether in claim construction, summary judgment, or trial"). Moreover, both involve the same issue of federal law.

16. Prior to filing this motion, counsel for AbbVie conferred with counsel for ODS, at which time counsel stated that ODS does not oppose the case being reassigned to Judge Dow.

WHEREFORE, AbbVie respectfully moves unopposed for this Court to enter an order finding that the cases are related and that reassignment is appropriate, and further requests that the Executive Committee reassign *ODS Capital LLC v. AbbVie Inc.*, Case No. 1:17-cv-05909, to the calendar of Judge Dow.

| | |
|---|---|
| Dated: August 17, 2017 | */s/ Daniel E. Reidy* |
| | Daniel E. Reidy (dereidy@jonesday.com) |
| | Michael P. Conway (mconway@jonesday.com) |
| | Heather M. O'Shea (hoshea@jonesday.com) |
| | Elizabeth J. Marino (ejmarino@jonesday.com) |
| | JONES DAY (Firm No. 39805) |
| | 77 West Wacker Drive, 35th Floor |
| | Chicago, IL 60601.1692 |
| | Telephone: +1.312.782.3939 |
| | Facsimile: +1.312.782.8585 |
| | *Counsel to Defendant AbbVie Inc.* |
| | (*Elliott*, *ODS*) |

8

## **CERTIFICATE OF SERVICE**

        I hereby certify that I filed the foregoing **Motion to Reassign Related Case** using the CM/ECF system on this 17th day of August, 2017. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. I have also separately sent a copy of the foregoing to the below listed attorneys via electronic mail.

**Bartlit Beck Herman Palenchar & Scott LLP**
Jeffrey A. Hall
Cindy Sobel
James B. Heaton, III
Robert B. Tannenbaum
Wesley A. Morrissette
54 W. Hubbard Street, Suite 300
Chicago, IL 60654
Email: Jeffrey.hall@bartlit-beck.com
       cindy.sobel@bartlit-beck.com
       jb.heaton@bartlit-beck.com
       robert.tannenbaum@bartlit-beck.com
       wesley.morrissette@bartlit-beck.com

**Pomerantz LLP**
Patrick V. Dahlstrom
Louis C. Ludwig
10 South LaSalle Street, Suite 3505
Chicago, IL 60603
Email: pdahlstrom@pomlaw.com
       lcludwig@pomlaw.com

**Glancy Prongay & Murray LLP**
Brian P. Murray
The Helmsley Building
230 Park Avenue
Suite 530
New York, NY 10169
Email: bmurray@glancylaw.com


                                    */s/ Daniel E. Reidy*
                                    Daniel E. Reidy
                                    Attorney for Defendant AbbVie Inc.