IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MURRAY RUBINSTEIN, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 1:14-cv-9465 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| RICHARD GONZALEZ and ABBVIE INC., | ) | Magistrate Judge Maria Valdez |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR
LEAVE TO FILE A SURREPLY BRIEF AND SUR-REBUTTAL REPORT**

Plaintiffs hereby oppose Defendants' motion for leave to file a sur-reply brief and sur-rebuttal report in opposition to Plaintiffs' motion for class certification, as follows:

1. Plaintiffs moved for class certification on December 21, 2017 (ECF No. 103), together with a 30-page supporting memorandum of law (ECF No. 105) and an expert report from Chad Coffman (ECF No. 106).

2. Defendants took the deposition of Mr. Coffman on February 22, 2018. Two weeks later, on March 9, 2018, Plaintiffs served the Revision to Expert Report of Chad Coffman, CFA ("Revised Report"), in which Mr. Coffman revised two calculations from his original report based upon questions asked during his deposition on February 22, 2018. ECF No. 161-5.

3. Six weeks later, on April 19, 2018, Defendants filed their 30-page response brief in opposition to Plaintiffs' motion for class certification on April 19, 2018, accompanied by a 45-page expert report (with an additional 23 pages of exhibits) from Dr. Allan Kleidon. ECF Nos. 161 (sealed) and 162 (public).

4. On June 14, 2018, Plaintiffs filed a 15-page reply brief in support of their class

certification motion. ECF No. 192. The reply brief responds to the arguments made in Defendants' opposition brief and to Dr. Kleidon's criticisms of Mr. Coffman's detailed analyses and conclusions. The reply brief does not change Plaintiffs' theory of liability; rather it responds to the misleading argument in Defendants' opposition brief where Defendants fundamentally mischaracterize Plaintiffs' claim, theory of damages, and the Court's decision regarding Plaintiffs' theory of liability. *See* ECF No. 161 at 5-12 and No. 192 at 2-5 & 12-13.

5. Plaintiffs also filed the Expert Rebuttal Report of Chad Coffman, CFA ("Rebuttal Report") (ECF No. 194) with the reply brief.[1] Mr. Coffman's Rebuttal Report responds to the unfounded critique of his earlier findings and conclusions set forth in the expert report of Dr. Kleidon, who performed no market efficiency study of his own and rendered no independent market efficiency opinion for any of the securities at issue in this case.[2] Dr. Kleidon contended (and Defendants argued in their opposition brief) that Mr. Coffman's work did not provide sufficient evidence of market efficiency for Shire options. In particular, Dr. Kleidon claimed (and Defendants argued) that market efficiency for the 954 series of Shire options available for trading during the Class Period could not be determined on an aggregate basis but had to be evaluated series-by-series. Despite that criticism, Dr. Kleidon performed no such analysis for *any* of the 954 series of options, making his critique of Mr. Coffman's findings and conclusions (and Defendants' argument in reliance thereon) misleading at best. To address that misleading criticism and argument, Mr. Coffman refined his prior work by performing series-by-series analyses for 24 individual series of options, which accounted for approximately 88% of the

---

[1] Eight days later, on June 22, 2018, Plaintiffs produced the back-up material for Mr. Coffman's Rebuttal Report.

[2] As requested by Defendants, Dr. Kleidon limited his work to criticism of Mr. Coffman's methodologies and conclusions regarding market efficiency for Shire options (but not for Shire American Depository Shares) and of Mr. Coffman's proposal for computing classwide damages.

change in option interests during the Class Period. *See* ECF No. 194 at ¶¶ 20-22 & Ex. 1A-1X, Ex. 2. Those series-by-series studies confirmed Mr. Coffman's prior findings and conclusion that Shire options traded efficiently during the Class Period, and undermine Dr. Kleidon's hollow criticism. Mr. Coffman in no way deprived Dr. Kleidon from performing the same series-by-series study of market efficiency when he criticized Mr. Coffman for not having done so, such that Defendants should be permitted to submit another report from Dr. Kleidon.

6. The Rebuttal Report is not "new work" done by Mr. Coffman. Rather, it is a refinement of his prior analysis – using the same data and methodologies as before – in response to specific criticisms raised by Dr. Kleidon in his report and argued by Defendants in their opposition brief. That additional analysis was required because of Dr. Kleidon's misleading criticism that Mr. Coffman did not evaluate market efficiency for Shire options on a series-by-series basis. Despite that criticism, Dr. Kleidon performed no series-by-series analysis of Shire options on his own. That Mr. Coffman now has performed the very analysis that Dr. Kleidon criticized him for not performing – but which Dr. Kleidon chose not to perform himself – does not give Dr. Kleidon to a "second chance" to do so. Having made the criticism in his original report, Dr. Kleidon could and should have analyzed market efficiency for Shire options on a series-by-series basis but elected not to. Had Dr. Kleidon done so, he could have included his results is his original report. If Dr. Kleidon submits a sur-reply declaration adding studies that he chose not to perform before, Plaintiffs will have no choice but to submit a sur-sur-rebuttal report from Mr. Coffman.

7. Leave to file a sur-reply expert report and a sur-reply brief should not be lightly granted. *Smith v C.H. James Rest. Holdings, L.L.C.*, No. 11 C 5545, 2012 U.S. Dist. LEXIS 48065, at *16 (N.D. Ill. Apr. 5, 2012) (motion for leave to file sur-reply on class certification

3

denied because defendants failed to provide sufficient justification for sur-reply). Defendants' proffered justification for submitting a sur-reply expert report – to address refinements in Mr. Coffman's analysis done in response to specific criticisms raised by Dr. Kleidon – arises only because Defendants and their expert chose not to perform those same series-by-series efficiency studies they criticized Mr. Coffman for not performing. Any need for a sur-reply exists only because Defendants and their expert caused it, and it was entirely avoidable had Dr. Kleidon performed those series-by-series analyses the first time around.

8. Contrary to Defendants' argument in support of their motion, it is not necessary to respond to any "new work" done by Mr. Coffman.[3] Their request to submit a sur-rebuttal report from Dr. Kleidon is an obvious attempt to overcome the inadequacies of Dr. Kleidon's critique of Mr. Coffman's findings and conclusions and to supply a missing efficiency study that Dr. Kleidon did not perform. Defendants should not be allowed to delay these proceedings and add to the expense of the litigation to do so now.

9. Furthermore, since Plaintiffs bear the burden of persuasion on the motion for class certification, should the Court permit Dr. Kleidon to submit a sur-rebuttal report and should Defendants submit a sur-reply brief, the Court should permit Plaintiffs leave to submit a short sur-sur-rebuttal report and a short sur-sur-reply brief in response no later than August 28, 2018. *See Zeidel v. A&M (2015) LLC*, No. 13-CV-6989, 2017 WL 1178150, at *1 (N.D. Ill. Mar. 30, 2017) (Dow, J.) (granting motion to file a sur-sur-reply on motion of party's burden).

WHEREFORE, Plaintiffs respectfully request that the Court deny Defendants' request

---

[3] To the limited extent that Mr. Coffman notes that Dr. Kleidon's methodologies and conclusions are "incorrect," "irrelevant," "speculative," "unfounded," and "at odds with the methodology employed" in the literature, *see* ECF No. 194 at 5, 9, 11, 14, 16, 17, and 19), it does not require a sur-reply declaration from Dr. Kleidon or a sur-reply brief from Defendants. The Court already has sufficient information in the lengthy briefs and declarations to resolve the disagreement between the parties' respective experts.

for leave to file a sur-reply brief and sur-rebuttal report by July 30, 2018. Should leave be granted to Defendants, as the party bearing the burden of persuasion on class certification, Plaintiffs request the opportunity to submit a short sur-sur-rebuttal report and a short sur-sur-reply brief by August 28, 2018.

Dated: July 9, 2018

Respectfully submitted,

　　*/s/ Mark C. Rifkin*
Mark C. Rifkin
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
270 Madison Avenue
New York, NY 10016
Tel: 212-545-4600
Fax: 212-545-4758

Carl Malmstrom
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC**
70 West Madison Street, Suite 1400
Chicago, IL 60602
Tel: 312-984-0000
Fax: 312-214-3110

James S. Notis
Jennifer Sarnelli
Meagan A. Farmer
**GARDY & NOTIS, LLP**
Tower 56
126 East 56th Street, 8th Floor
New York, NY 10022
Tel: 212-905-0509
Fax: 212-905-0508

*Co-Lead Counsel for Plaintiffs*