**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MURRAY RUBINSTEIN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 14-cv-9465 |
| | ) | |
| v. | ) | |
| | ) | Honorable Robert M. Dow, Jr. |
| RICHARD GONZALEZ and ABBVIE INC., | ) | Honorable Maria Valdez |
| | ) | |
| Defendants. | ) | |
| | ) | |

**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO FILE A SURREPLY BRIEF AND SUR-REBUTTAL REPORT IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

A central issue in the pending motion for class certification is whether Plaintiffs are entitled to use the fraud-on-the-market presumption of reliance to satisfy the predominance requirement of Rule 23(b)(3). The availability of that presumption turns on whether the market for each of the securities at issue was efficient. Plaintiffs seek certification of a class including investors in Shire ADRs and 218 series of put or call options on Shire stock. Plaintiffs have the burden of proving that they are entitled to invoke the fraud-on-the-market presumption with respect to each of these securities. In an effort to meet that burden, their opening brief in support of class certification relied on the report of Chad Coffman (which Coffman then revised after his deposition), asserting that the markets for Shire ADRs and all option series were efficient.

In opposing Plaintiffs' motion, Defendants relied on the expert report of Dr. Allan Kleidon, who showed, among other things, that Coffman's analysis of the markets for Shire options was flawed and did not support the assertion that the Shire each option series traded efficiently. In their reply, Plaintiffs submitted another report by Coffman. That report, in

1

response to Dr. Kleidon's criticisms, offered a new analysis of Shire options that had not been done in Coffman's original reports. Now Plaintiffs oppose giving Defendants any opportunity to respond to new analysis that supposedly satisfies their burden of proof.

Essentially, Plaintiffs' position is that the Court should have less information rather than more. Currently the Court has before it four reports from two experts (one from Defendants' expert and *three* from Plaintiffs' expert) making diametrically opposed assertions about standard economic practices, economic principles in academic literature, and application of those principles to the securities at issue. Defendants believe that having input by Defendants' expert on the analysis Plaintiffs *currently* rely on would assist the Court in determining the appropriate resolution of this dispute. This is true for two reasons.

*First*, a surreply and sur-rebuttal report would assist the Court because Defendants and Dr. Kleidon have not had the chance to respond to material parts of Coffman's work presented only in his rebuttal report, as well as Plaintiffs' arguments based on that report. In opposing this motion, Plaintiffs contend that Coffman's rebuttal report "is not 'new work,'" but rather is just "a refinement of his prior analysis." (Pl. Opp. at 3) However, in their reply brief attaching Coffman's rebuttal report, *Plaintiffs themselves* described Coffman's rebuttal work as "new studies." (Docket No. 192 at 7) Only now, when it is to their advantage, do they change course and assert Coffman has merely provided "additional analysis." (Pl. Opp. at 3)

"Additional analysis," "new studies," and "new work" are all the same thing—analyses not presented previously that Defendants have not had the opportunity to respond to. The "additional analysis" that Coffman created included supposed cause-and-effect testing of 24 individual Shire option series. (Docket No. 194 at ¶¶ 20-22, Ex. 1A-1X, Ex. 2) Coffman could have studied these or other individual option series initially, but chose not to: Plaintiffs and

Coffman asserted they had met their burden *without* performing cause-and-effect testing on individual option series. (Docket No. 105 at 18-19; Docket No. 106 at 41-47) Dr. Kleidon explained that Plaintiffs' showing was insufficient to establish efficient trading of each of the 218 Shire option series for which Plaintiffs seek certification. A proper reply argument or rebuttal opinion would have argued why Plaintiffs' showing *was* sufficient. But doing the work Coffman chose not to do originally is not rebuttal; it is simply new work. If movants could choose not to do work in their initial filings and then respond to criticism by doing the work in reply that they did not do initially, that would give movants the ability to deprive their adversaries of the ability to meaningfully respond by saving their real argument for reply. That practice would be both unfair to opposing parties and unhelpful to the courts.

The basic point is that Plaintiffs filed with their reply brief new analysis that they assert helps meet their burden of proof on class certification. Defendants have not responded to this analysis, but can do so and can demonstrate that it does not help Plaintiffs.[1] That information would assist the Court, which otherwise would have to assess Plaintiffs' expert's "additional analysis" and Plaintiffs' new legal arguments without the benefit of the adversarial process.

*Second*, it is fundamentally unfair to Defendants that Plaintiffs would be permitted on a motion as significant as class certification to submit new arguments and analysis in reply and Defendants would not be permitted to respond. Courts have often recognized the *in terrorem*

---

[1] For instance, Plaintiffs' reply brief asserts that Coffman's "new studies confirm that all 24 of those series of options traded in an efficient market during the Class Period." (Pl. Opp. at 7) But this representation is not even consistent with Plaintiffs' own expert, who clearly states his testing produced positive results for only "21 of the 24 Sample Options." (Docket 194 at 8 ¶ 20) Thus, Coffman does not get supportive results for 12.5% of the option series he tests, which fatally undermines Plaintiffs' conclusion that all option series traded efficiently. And neither Plaintiffs nor Coffman say anything about what would happen if Coffman broadened his testing beyond his hand-picked sample and included all 218 option series for which Plaintiffs seek certification, rather than just 24.

effect of class actions over defendants. *See, e.g., Matter of Rhone-Poulenc Rorer Inc.*, 51 F.3d 1293, 1298 (7th Cir. 1995). That provides a powerful additional reason not to certify a class unless the Court is confident Plaintiffs have met their burden. Here, at the least, that should mean Defendants are permitted to respond to new arguments and analysis to which they have not yet had the opportunity to respond.

Plaintiffs attempt to blame Defendants and Dr. Kleidon for not addressing Coffman's "new studies" before he even created them. Plaintiffs argue that the "additional analysis was required because of Dr. Kleidon's misleading criticism that Mr. Coffman did not evaluate market efficiency for Shire options on a series-by-series basis." (Pl. Opp. at 3) They argue that "Dr. Kleidon could and should have analyzed market efficiency for Shire options on a series-by-series basis but elected not to do so." (*Id.*) But Plaintiffs do not dispute that it is their burden to satisfy the preponderance requirement of Rule 23(b)(3). Thus, there is no reason why Dr. Kleidon should have done the work that Plaintiffs elected not to. Rather, Dr. Kleidon's expert report properly focused on explaining why Coffman's work did not establish market efficiency. Plaintiffs and Coffman had a chance to meet their burden, but they did not. They have tried again through a "rebuttal" report containing new analysis, and fairness requires Defendants be permitted an opportunity to respond.

WHEREFORE, Defendants respectfully request that the Court grant Defendants leave to file a surreply brief and sur-rebuttal report by July 30, 2018.

4

5

Dated: July 11, 2018

Respectfully submitted,

/s/ Joshua Z. Rabinovitz

James F. Hurst, P.C.
Robert J. Kopecky
Joshua Z. Rabinovitz
Devon M. Largio
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois 60654
312-862-2000

*Counsel for Defendants*