IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MURRAY RUBINSTEIN, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 14-cv-9465 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| RICHARD GONZALEZ and ABBVIE, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

As explained below, the Court directs the parties to file supplemental materials on the *Daubert* issues relating to the pending motions for class certification in this case [103, 138]. Defendants are given until 10/12/2018 to file a formal motion to exclude the portions of Coffman's proposed testimony to which they object, along with a memorandum in support; Plaintiffs are given until 10/31/2018 to file a response; Defendants are given until 11/9/2018 to file a reply if they wish to do so. Plaintiffs' original motion for class certification [103] is stricken as it has been superseded by the amended motion [138]. Please see below for details.

## STATEMENT

Before the Court are Plaintiffs' original and amended motions for class certification [103, 138], as to which the parties have submitted six briefs [105, 161, 192, 202, 234, 241], the last of which was filed less than a month ago. The briefs reveal a hotly contested battle over the propriety of certifying a class, which is not surprising given the stakes involved in this case. A central thrust of Defendants' opposition is a series of attacks on the reliability of the opinions of Plaintiffs' proposed expert, Chad Coffman. Among other things, Defendants dispute Coffman's opinions on two elements of Plaintiffs' securities fraud claims: (1) reliance—and in particular whether the market for Shire options is efficient, such that Plaintiffs are entitled to rely on the "fraud on the market" theory of reliance; and (2) damages—especially whether the backcasting method can be used to determine damages under the facts of this case.

The back-and-forth between the parties on the opinions offered in Coffman's report and rebuttal report has the hallmarks of a *Daubert* challenge. The parties debate Coffman's methodology, his inputs, his outputs, his reasoning, and his purported errors. Yet they do not employ the *Daubert* framework, nor do they cite *Daubert* itself or many of the leading Seventh Circuit cases applying *Daubert* at the class certification stage. For instance, *American Honda Motor Co., Inc. v. Allen*, 600 F.3d 813, 815-16 (7th Cir. 2010), establishes that "when an expert's report or testimony is critical to class certification * * * a district court must conclusively rule on any challenge to the expert's qualifications or submissions prior to ruling on a class certification motion." To underscore that point, the court of appeals stated in no uncertain terms that "the

district court must perform a full *Daubert* analysis before certifying the class if the situation warrants." *Id*. at 816. And, germane to the thrust of Defendants' arguments here, a district court must "resolve any challenge to the reliability of information provided by an expert if that information is relevant to establishing any of the Rule 23 requirements for class certification." *Id*.

Even a casual reader of the briefs would recognize the prominence of the *Daubert* issue even without the parties' citation to that landmark case. But the issue is not presented with reference to key Supreme Court and Seventh Circuit precedents, which often are addressed by the parties in a separate "*Daubert*" motion, rather than subsumed within the briefing on the motion for class certification. See, *e.g.*, *In re Fluidmaster, Inc. Water Connector Components Prods. Liab. Litig.*, 2017 WL 1196990, at *4 (N.D. Ill. Mar. 31, 2017) (noting that "[b]oth parties have filed several *Daubert* motions in connection with Plaintiffs' motion for class certification"). To be sure, a separate *Daubert* motion is not mandatory, and the Court could perform the *Daubert* analysis utilizing the factual material and legal arguments currently of record. See *id*. at *3 (explaining that "in evaluating a motion to exclude expert testimony under Rule 702 and *Daubert* the Court considers whether the proffered expert (1) is qualified, (2) has employed a reliable methodology, (3) offers opinions that follow rationally from the application of the expert's methodology and qualifications, and (4) presents testimony on a matter that is relevant to the case at hand" (citing Supreme Court and Seventh Circuit case law)).

However, given the importance of the expert issues in resolving the instant motion and the Seventh Circuit's emphasis on the district court's obligation to "perform a full *Daubert* analysis" when the parties dispute the reliability of an expert whose work "is critical to class certification" (*American Honda*, 600 F.3d at 815-16), the Court concludes that these issues should be subjected to further adversarial briefing. To that end, Defendants are given until 10/12/2018 to file a formal motion to exclude the portions of Coffman's proposed testimony to which they object, along with a memorandum in support; Plaintiffs are given until 10/31/2018 to file a response; Defendants are given until 11/9/2018 to file a reply if they wish to do so. The parties are urged to present the issues using the *Daubert*/Rule 702 framework and citing Supreme Court and Seventh Circuit cases applying *Daubert* and its progeny. With the benefit of this focused additional briefing, the Court will be in better position to complete the requisite "full *Daubert* analysis" and to issue a comprehensive opinion addressing all of the parties' arguments on class certification.

Dated: September 25, 2018

_____
Robert M. Dow, Jr.
United States District Judge